UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

ALESSANDRO MASI,

                  Plaintiff,

- against -

MYTHICAL ENTERTAINMENT

                  Defendant.

Docket No. 2:19-cv-31

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Alessandro Masi ("Masi" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Mythical Entertainment ("Mythical Entertainment" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of four copyrighted photographs the luxury Halden Prison in Norway, owned and registered by Masi, a professional photographer. Accordingly, Masi seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacted business in North Carolina.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Masi is an award-winning professional photographer in the business of licensing his photographs for a fee having a usual place of business at 6 Balmoral Road, London, England NW25DY. Masi's work has been published and exhibited internationally. He won the prestigious Premio Anima 2015 Soul Prize for Photography in Italy and his work was exhibited as part of UNICEF's Germany collaboration with the Arp Museum.

6. Upon information and belief, Mythical Entertainment is a business corporation duly organized with a place of business at 327 Hillsborough Street, Raleigh, North Carolina 91436. At all times material, hereto, Mythical Entertainment has operated their YouTube channel (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. Masi photographed the luxury Halden prison in Norway (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Masi licensed the Photographs to Foreign Policy/Slate which had a credit underneath the Photographs. See Exhibit B.

9. Masi is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the United States Copyright Office and were given registration number VA 1-996-957.

**B.     Defendant's Infringing Activities**

11.     Mythical Entertainment ran the Photographs on the Website. See: https://www.youtube.com/watch?v=NxoU2HrXzpU. Screenshots of the Photographs on the Website are attached hereto as Exhibit C.

12.     Mythical Entertainment did not license the Photographs from Plaintiff for its Website, nor did Mythical Entertainment have Plaintiff's permission or consent to publish the Photographs on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Mythical Entertainment infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Mythical Entertainment is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, in its article on the Website, Defendant copied the Photographs from Slate which contained a credit underneath to the Photographs stating, "Alessandro Masi" and placed it on its Website without the gutter credit.

20. Upon information and belief, Mythical Entertainment intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

21. The conduct of Mythical Entertainment violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Mythical Entertainment's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Mythical Entertainment intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Mythical Entertainment also knew, or should have known, that such falsification, alteration and/or removal of said copyright management

information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

24. As a result of the wrongful conduct of Mythical Entertainment as alleged herein, Plaintiff is entitled to recover from Mythical Entertainment the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Mythical Entertainment because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Mythical Entertainment statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Mythical Entertainment be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Mythical Entertainment be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded punitive damages for copyright infringement;

7. That Plaintiff be awarded attorney's fees and costs;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 30, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Alessandro Masi*