IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:19-cv-438-FL

|  |  |
|---|---|
| ALESSANDRO MASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MYTHICAL ENTERTAINMENT, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT MYTHICAL ENTERTAINMENT'S MEMORANDUM OF LAW IN
<u>SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>**

 Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Mythical Entertainment ("Mythical") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff Alessandro Masi's ("Plaintiff") Complaint [D.E. 5].

**PRELIMINARY STATEMENT**

 Based upon the face of the Complaint, Plaintiff's claims are time-barred because Mythical's purported violations occurred more than three years before the filing of the Complaint. It is impossible that Plaintiff, a professional photographer and serial copyright litigant armed with use-identifying technology, was unable to discover the alleged infringements at issue here, particularly when the web show on which the images appeared is in its 16th season, has accumulated more than 5 billion views, and has more than 15 million subscribers on YouTube, 2.5 million followers on Instagram, and over 2.6 million followers on Facebook.

Furthermore, Mythical has not engaged in any volitional act in within the three-year limitations period, and no plausible basis exists to indicate that Plaintiff was damaged in any way during the relevant timeframe.  Allowing Plaintiff to assert such claims over an old, readily discoverable post would circumvent the "discovery rule" and thereby render the statute of limitations in the Copyright Act meaningless.

Moreover, Plaintiff's bare-bones Complaint—which was filed without giving notice of the purported infringement to Mythical—is devoid of any factual allegations supporting his claims that Mythical acted willfully. Instead, Plaintiff opts to merely recite elements of his claims rather than actually plead his case, which is improper.

## FACTUAL STATEMENT

Accepting as true for purposes of this motion all factual allegations contained in the Complaint, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007), and information of which the Court may take judicial notice, *Sec'y of State for Defence v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007), the relevant facts are alleged as follows:

Plaintiff purports to be an award-winning professional photographer whose work has been published and exhibited internationally.  (Complaint ¶ 5).

There are four photographs of a Norwegian prison at issue in this case (collectively, the "Photographs").  (Complaint, Exh. C). Plaintiff alleges that the Photographs have been registered with the U.S. Copyright Office.  (Complaint ¶ 10).

The registration for the Photographs states that Plaintiff first published the Photographs on October 1, 2010, but Plaintiff did not register his works with the Copyright Office until more than five years later, on December 14, 2015. (Exhibit 1).[1]

---

[1] Exhibits cited to in this memorandum of law are attached to Mythical's motion to dismiss.

Plaintiff alleges that Mythical used the Photographs on its YouTube variety show, *Good Mythical Morning*, without authorization on April 10, 2015—more than five months prior to Plaintiff's registration of the Photographs. (Complaint, Exh. C). Mythical included the Photographs for approximately two seconds each (eight seconds in total) as part of a ten-minute forty-seven-second story about luxury prisons.

## ARGUMENT

### A.    Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  But "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555) (internal quotation marks and citations omitted).

While the Court is generally required, on a motion to dismiss, to accept a complaint's factual allegations as true, the Court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citations omitted). "We may also consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Id.*

### B.    Plaintiff's Claims Are Time-Barred

The Complaint, coupled with publicly-available information regarding Mythical's alleged use of the Photographs, unequivocally demonstrate that Plaintiff's claims for copyright infringement and integrity of copyright management information are time-barred. Mythical included the Photographs in a story about luxury prisons on April 10, 2015. (Complaint, Exh. C). Because the Complaint was not filed on until September 30, 2019, Plaintiff's claims for relief are barred by the three-year statute of limitations contained in the Copyright Act, 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").

### 1.    Plaintiff Makes No Factual Allegations Concerning Discovery of the Alleged Infringement

When assessing the timeliness of copyright infringement claims, like the majority of other circuits, the Fourth Circuit adheres to the "discovery rule." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001). Under the discovery rule, a claim for infringement accrues (and the three-year statute of limitations begins to run) when the "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670, n.4 (2014) (quoting *William A. Graham Co. v. Haughey,* 568 F.3d 425, 438 (3d Cir. 2009)).

Courts may consider the relative sophistication of parties in a copyright suit. *See e.g.*, *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 508 n.7 (4th Cir. 1969) (considering the relative sophistication of the parties in a copyright infringement action); *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019) ("a reasonable copyright holder in Minden Pictures' position – that is, a seasoned litigator that has filed 36 lawsuits to protect its

copyrights, beginning as early as July of 2010 – should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period").

The Complaint is noticeably silent concerning Plaintiff's discovery of Mythical's use of the Photographs and fails to set forth the date and circumstances when Plaintiff allegedly first became aware of (or should have become aware of) Mythical's use of the same.

A reasonably diligent copyright owner in Plaintiff's position would have been put on inquiry notice as to the existence of Mythical's post containing the Photographs to enable it to bring a timely infringement claim. Reasonable diligence for purposes of the discovery rule is determined by asking whether the Plaintiff "should have known of the basis for its claims, which depends on whether it had sufficient information of possible wrongdoing to place it on inquiry notice or to excite storm warnings of culpable activity." *Haughey*, 568 F.3d at 438 (internal citations and quotations omitted); *see also Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992) (plaintiff's "failure to pursue the matter aggressively" after being put on inquiry notice did not toll statute of limitations).

Inquiry notice is triggered when the plaintiff has sufficient information to give rise to a reasonable suspicion that his copyrighted works may have been infringed – that is, the quantum of information necessary to prompt a reasonably diligent rights holder to inquire whether such infringement has occurred. *See, e.g., Thompson v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 38, 48 (S.D.N.Y. 2001) ("[I]t is not necessary for a plaintiff to understand every permutation of his or her injury, rather the plaintiff simply needs to have a 'hint' or 'suspicion' of the injury and its cause to be put on inquiry notice."); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt.*, *LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations — the focus is on the discovery of the harm itself,

not the discovery of the elements that make up a claim."). Publicly-available facts clearly show that Plaintiff was on inquiry notice concerning the Photographs.

This is not Plaintiff's first foray into litigation over his copyrighted works and an "ignorance is bliss" approach will not satisfy the reasonable diligence standard. **Plaintiff is a serial litigant who has filed 19 lawsuits for copyright infringement**, starting as early as June 2016—including 12 lawsuits concerning the Photographs at issue. (*See* Exhibit 2). In order to find photographs in internet posts like the ones at issue here, litigants like Plaintiff utilize software services that use algorithms to scour the Internet for copies of photographers' works.[2] This reverse-image searching has been available for roughly ten years; in addition to Google image search,[3] companies that engage in reverse-image searching for purposes of copyright enforcement and litigation (such as Pixsy, founded 2014, and TinEye, founded 2008) launched as early as 2008.[4]

Given Plaintiff's sophistication and litigiousness, he must have been aware prior to the three-year look-back period that the practice of photographers pursuing websites for the allegedly unlicensed use of photographs was widespread. Allowing Plaintiff to bury his head in the sand and ignore potential infringements would give copyright owners *carte blanche* to wait

---

[2] See Steven Melendez, *Here Come the Copyright Bots for Hire, With Lawyers in Tow*, FAST COMPANY (Feb. 21, 2018), https://www.fastcompany.com/40494777/here-come-the-copyright-robots-for-hire-withlawyers-in-tow.

[3] See Find related images with reverse image search https://support.google.com/websearch/answer/1325808?co=GENIE.Platform%3DAndroid&hl=en (last visited Oct. 22, 2019) [hyperlink removed].

[4] See About Pixsy, https://www.pixsy.com/about/ (last visited Oct. 22, 2019); Idée Inc. Launches TinEye, the World's First Image Identification Based Web Search Engine (May 6, 2008), https://www.businesswire.com/news/home/20080506005587/en/Idee-Launches-TinEye-Worlds-Image-Identification-Based.

PPAB 5201897v1

as many years as they please to bring copyright suits, essentially eliminating the statute of limitations.

Thus, under settled law, September 29, 2016 is the latest possible date on which Plaintiff was on "inquiry notice": he had sufficient information in his possession to provide a reasonable person "a 'hint' or 'suspicion' of the injury and its cause." *Thompson*, 149 F. Supp. 2d at 48; *see also Prather v. Neva Paperbacks, Inc*., 446 F.2d 338, 341 (5th Cir. 1971) ("Once plaintiff is on inquiry [notice] that it has a potential claim, the statute [of limitations] can start to run.") (citations and quotations omitted); The important benchmark is not when Plaintiff discovered the alleged infringements, but rather when he *should* have discovered the alleged infringements.

Plaintiff fails to explain, or to allege facts sufficient to justify, why he turned a blind eye to purported infringements. In the event Plaintiff claims to have discovered Mythical's use of the Photographs on or after September 2016, that would merely show that Plaintiff did not take reasonable efforts to protect his copyrighted works and supports the notion that Plaintiff failed to take such reasonable efforts in the past.

Plaintiff's failure to timely file suit given his likely knowledge of alleged infringements, his reasonable ability to easily discover the alleged infringements, or, alternatively, his failure to utilize widely used technology to find such alleged infringements, all lead to the same conclusion: Mythical should not be the target of a federal copyright claim encompassing four images that appeared for a total of eight seconds in a video that was posted online more than four and a half years ago, and Plaintiff did not bother suing over in a timely manner despite their easy discoverability.

2.      **Even if the Photographs Were Discovered in a Timely Manner,
Plaintiff's Claims Should Be Dismissed for Lack of Alleged Volitional
Conduct by Mythical**

In the seminal case of *Petrella v. Metro-Goldwyn-Mayer, Inc.*, the U.S. Supreme Court

held that "a successful plaintiff can gain retrospective relief only three years back from the time

of suit. **No recovery may be had for infringement in earlier years**." 572 U.S. 663, 677, 134 S.

Ct. 1962, 1973, 188 L. Ed. 2d 979 (2014) (emphasis added).  Stated differently, a plaintiff is

entitled to recover damages only for infringing acts actually occurring up to three years before

the filing of the complaint, "such that the passage of each additional day forecloses one more day

of past damages." 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 12.05

[B][2][c] (2018); *see also Chelko v. Does*, No. 3:18-CV-00536-GCM, 2019 WL 3294201, at *2

(W.D.N.C. July 22, 2019) ("Though a violation may continue into the statutory period, the

infringement is not actionable unless a new incident of harm (as defined by further violation of

the copyright holder's § 106 rights) is discovered therein.").

Applying the holding of *Petrella* to the facts here, Plaintiff has no right to relief for

allegedly infringing acts that occurred before September 30, 2016, the date three years before the

Complaint was filed. *See Chelko*, 2019 WL 3294201, at *5 (granting partial summary judgment

to defendant on a copyright claim where no infringing acts occurred within the three-year look-

back periods).

Any allegedly infringing acts for which Mythical could be liable in connection with the

Photographs occurred long before the three-year look-back period for relief, given that

Mythical's publication of the Photographs occurred on April 10, 2015 (Complaint, Exh. C), and

it is the posting of the Photographs that constitute the allegedly infringing act. *See Chelko*, 2019

8

WL 3294201, at *5 (dismissing plaintiff's copyright claims because "Plaintiff does not allege any new act Defendant took to otherwise infringe his copyright within the limitation period").

The holdings in *Petrella* and *Chelko* serve an important purpose in encouraging copyright owners to diligently track the use of their works and file suit as early as possible, which Plaintiff did not do in this case. Plaintiff is not entitled to recover any damages whatsoever from Mythical.

### C. Plaintiff's Damages, If Any, Should Be Scaled Back

#### 1. Plaintiff's Boilerplate Allegations Are Insufficient to State a Claim for Willfulness

In a completely conclusory fashion, the Complaint alleges "on information and belief" that Mythical's alleged infringement and purported removal of copyright management information were willful or intentional. (Complaint ¶¶ 16, 17, 20, 23). Such bare-bones allegations are insufficient to state a claim, and the Complaint is otherwise devoid of any facts that would support Plaintiff's legal allegations. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

In light of Plaintiff's failure to plead sufficient facts to meet the standards of *Iqbal* and *Twombly*, any claim for enhanced damages should be dismissed. *See Mosca v. Yankee Publ'g Inc.*, No. 2:15 Civ. 266, 2015 WL 9304738, at *7-8 (D. Me. Nov. 25, 2015) (granting motion to dismiss claim for enhanced damages where plaintiff failed to plead any facts from which one could infer willful infringement), *report and recommendation adopted*, 2015 WL 9305649 (D. Me. Dec. 21, 2015); *Synopsys, Inc. v. Atop Tech, Inc.*, No. 13 Civ. 02965, 2013 WL 5770542, at *17 (N.D. Cal. Oct. 24, 2013) (dismissing allegations of willfulness amounted to nothing more

PPAB 5201897v1

than a recitation of that claim's elements); *Amini Innovation Corp. v. KTY Mktg.*, 768 F. Supp. 2d 1049, 1054-55 (C.D. Cal. 2011) (granting motion to dismiss where plaintiff asserted legal conclusion that defendant has "knowingly, willingly, and/or deliberately infringed, and/or acted in reckless disregard to infringing, [plaintiff's] copyrights" but failed to provide any factual allegations regarding defendant's alleged state of mind).

### 2. Plaintiff Is Only Entitled to One Statutory Damage Award, if Any

In the event the Court determines that Plaintiff is somehow entitled to statutory damages, he is limited by law to only one award of such damages.

Section 504(c)(1) of the Copyright Act allows for an award of statutory damages based on each "work" infringed. *See* 17 U.S.C. § 504(c)(1) (providing that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work"). That section then immediately states that "all the parts of a compilation . . . constitute one work." *Id.* § 504(c)(1). The term "compilation" includes "collective works," which are defined as works "such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id.* § 101.

Plaintiff registered the Photographs as a collective work: VA 1-996-957. Accordingly, if Plaintiff is entitled to statutory damages (which he is not), he is only entitled to one award of statutory damages. *See Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 140-41 (2d Cir. 2010) (affirming district court's ruling entitling copyright owner to one statutory damage award per "work," even though multiple songs were contained in each "work").

10

## CONCLUSION

For all of the foregoing reasons, Mythical respectfully requests that this Court dismiss Plaintiff's claims as time-barred.  In the alternative, the Court should hold:

- Mythical's use of the Photographs was not willful;

- Plaintiff is entitled to only one award of statutory damages.


Dated: October 29, 2019                          Respectfully submitted,


                                        /s/ Christopher M. Thomas
                                        Christopher M. Thomas
                                        N.C. Bar No. 31834
                                        PARKER POE ADAMS & BERNSTEIN LLP
                                        301 Fayetteville Street, Suite 1400
                                        Raleigh, North Carolina  27601
                                        Phone: (919) 828-0564
                                        Fax:    (919) 834-4564
                                        Email: christhomas@parkerpoe.com
                                        *Local 83.1 Counsel for Defendant*

                                        Jordan Susman, Esq.
                                        Henry Self, Esq.
                                        HARDER LLP
                                        132 S. Rodeo Drive, Fourth Floor
                                        Beverly Hills, California 90212
                                        Tel. (424) 203-1600

                                        *Counsel for Defendant*

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DEFENDANT MYTHICAL ENTERTAINMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** was electronically filed on this day with the Clerk of Court using the CM/ECF system which will automatically send notice of the same addressed to the following:

Albert P. Allan
Allan Law Firm PLLC
409 East Boulevard
Charlotte, NC 28203
alallan@allaniplitigation.com

Richard P. Liebowitz
Libowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@Liebowitzlawfrim.com
*Counsel for Plaintiff*

This 29th day of October, 2019.

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
*Local Rule 83.1 Counsel for Defendant*