UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ALESSANDRO MASI,<br>                    Plaintiff,<br><br>- against –<br><br>MYTHICAL ENTERTAINMENT,<br><br><br>                    Defendant. | 5:19-cv-438-FL<br><br><br>ECF Case |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

LEGAL STANDARD............................................................................................................ 3

ARGUMENT........................................................................................................................ 3

POINT I:       PLAINTIFF'S CLAIM IS TIMELY BECAUSE IT WAS FILED WITHIN THREE
YEARS OF ACTUAL DISCOVERY OF THE INFRINGEMENT ....................... 3

POINT II:      QUESTIONS OF CONSTRUCTIVE KNOWLEDGE SHOULD BE RESOLVED
BY THE FACT-FINDER ......................................................................................... 4

POINT III:   A PHOTOGRAPHER DOES NOT HAVE A GENERAL DUTY TO POLICE THE
INTERNET............................................................................................................... 5

POINT IV:  THERE IS NO EVIDENCE OF "STORM WARNINGS" CONCERNING THE
PHOTOGRAPHS WHICH WOULD HAVE TRIGGERED PLAINTIFF'S DUTY
TO INQUIRE .......................................................................................................... 7

POINT V:  THE THREE-YEAR LOOK BACK PERIOD ONLY APPLIES IN CASES WHERE
SOME INFRINGEMENTS OCCURRED DURING THE THREE-YEAR
LIMITATIONS PERIOD .......................................................................................... 7

POINT VI:  PLAINTIFF HAS SUFFICIENTLY PLED WILLFULNESS................................... 8

POINT VII:  PLAINTIFF'S PHOTOGRAPHS WERE REGISTERED AS PART OF A GROUP
REGISTRATION AND THEREFORE QUALIFY AS "SEPARATE WORKS"
FOR PURPOSES OF AWARDING STATUTORY DAMAGES ........................... 9

CONCLUSION....................................................................................................................... 11

# TABLE OF AUTHORITIES

<span style="font-variant: small-caps">Cases</span>

*Ajaxo, Inc. v. Bank of America Technology and Operations, Inc.,*
  625 F.Supp.2d 976, 982 (E.D.Cal.2008)................................................................... 4

*Ashcroft v. Iqbal,*
  556 U.S. 662, 678 (2009) ........................................................................................ 3

*Beidleman v. Random House, Inc.,*
  621 F. Supp. 2d 1130 (D. Colo. 2008) .................................................................... 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 570 (2007) ........................................................................................ 3

*Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital,*
  435 F.3d 396, 400 (3d Cir.2006) ............................................................................. 7

*Design Basics, LLC v. Chelsea Lumber Co.,*
  977 F.Supp.2d 714, 725 (E.D.Mich.2013) .............................................................. 6

*EMI Entertainment World, Inc. v. Karen Records, Inc.,*
  806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL .............. 9

*FameFlynet, Inc. v. Shoshanna Collection, LLC,*
  282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017), *appeal withdrawn,* No. 18-633, 2018 WL 2740233
  (2d Cir. Mar. 20, 2018) ........................................................................................... 9

*Frerck v. John Wiley & Sons, Inc.,*
  No. 11–cv–2727, 2014 WL 3512991 at *6 (N.D.Ill. July 14, 2014) ........................ 6

*Gaiman v. McFarlane,*
  360 F.3d 644, 653 (8th Cir.2004) ........................................................................... 3

*Gamma Audio & Video, Inc. v. Ean-Chea,*
  11 F.3d 1106, 1117 (1st Cir. 1993) ....................................................................... 10

*Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.,*
  No. CIV.A. 12-2061, 2012 WL 5944761, at *3 (E.D. Pa. Nov. 28, 2012)................. 7

*Greenberg v. Hiner,*
  359 F. Supp.2d 675, 682 (N.D. Ohio 2005).............................................................. 7

*Island Software & Computer Serv., Inc. v. Microsoft Corp.,*
  413 F.3d 257, 263 (2d Cir. 2005)............................................................................ 8

*Lyons P'ship v. Morris Costumes, Inc.,*
   243 F.3d 789, 796 (4th Cir.2001) ............................................................................. 3

*Mackie v. Hipple,*
   No. C09-0164RSL, 2010 WL 3211952, at *2 (W.D. Wash. Aug. 9, 2010) ............................. 6

*Masi v. Moguldom Media Grp. LLC,*
   No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) ...................... 1

*N.A.S. Import Corp. v. Chenson Enters., Inc.,*
   968 F.2d 250, 252 (2d Cir.1992) ............................................................................. 8

*Palmer/Kane LLC v. Rosen Book Works LLC,*
   204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016) ............................................................... 10

*Psihoyos v. John Wiley & Sons, Inc.,*
   748 F.3d 120 (2d Cir. 2014) .................................................................................. 3

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,*
   477 F.3d 383, 390 (6th Cir.2007) ............................................................................ 3

*Roley v. New World Pictures, Ltd.,*
   19 F.3d 479, 481 (9th Cir.1994);

*Sands v. CBS Interactive Inc.,*
   No. 18-CV-7345 (JSR), 2019 WL 1447014, at *1 (S.D.N.Y. Mar. 13, 2019) ...................... 11

*U.S. v. Livecchi,*
   711 F.3d 345, 352 (2d Cir. 2013) ............................................................................ 4

*Van Der Zee v. Greenidge,*
   2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ............................................................ 9

*Warren Freedenfeld Assocs.,*
   531 F.3d 38, 44–46 (5th Cir. 2008) ......................................................................... 3

*Wu v. John Wiley & Sons, Inc.,*
   No. 14 CIV. 6746 AKH AJP, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) ............... 5

*Yurman Design, Inc. v. PAJ, Inc.,*
   262 F.3d 101, 112 (2d Cir. 2001) ............................................................................ 8

S̲ᴛᴀᴛᴜᴛᴇꜱ

17 U.S.C. § 507(b) ............................................................................................... 3

## PRELIMINARY STATEMENT

Defendant Mythical Entertainment ("Defendant") moves to dismiss Plaintiff Alessandro Masi's copyright infringement complaint on statute of limitations grounds under Rule 12(b)(6), even though Plaintiff avers that he actually discovered Defendant's infringing conduct within three years before he filed suit.

Defendant concedes that the discovery rule applies in this Circuit, such that the cause of action does not accrue until a plaintiff actually discovers, or should have discovered, the infringement. But Defendant argues, without any authority or evidence, that Plaintiff should have known of the infringement. Such a conclusory legal argument is not sufficient to defeat Plaintiff's claim. Moreover, except for cases where the copyright holder is shown to have filed copyright suits *before* the infringement took place, Defendant has not cited to any caselaw authority where a district court has dismissed a copyright infringement complaint on Rule 12 on the basis of the discovery rule, which presents disputed questions of material fact.

Indeed, a federal court recently found in Plaintiff's favor on the identical statute of limitations issue raised here. *See Masi v. Moguldom Media Grp. LLC*, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) ("[plaintiff] did not have knowledge of any infringement of his work and there was no reason for him to think, or duty for him to scour the internet to find out if, anyone was using his photographs without his consent.").

Defendant has pled that he discovered the infringement within three years of filing suit and there is no record evidence that he could have discovered the infringement any sooner than he actually did. Accordingly, the Court should deny Defendant's Rule 12 motion and allow this case to proceed on the merits through discovery.

## STATEMENT OF FACTS

**Plaintiff Allesandro Masi**

Masi is a professional photographer in the business of licensing his photographs to online and print media for a fee [Amended Complaint, Dkt. # 8 ("Am. Compl."), ¶ 5]

**Defendant Mythical Entertainment**

Defendant is a commercial publisher which owns and operates a YouTube channel website [Am. Compl. ¶ 6]

**Plaintiff's Photographs of Halden Prison in Norway**

Plaintiff photographed the luxury Halden prison in Norway (the "Photographs"). [Am. Compl. ¶ 7, Ex. A]  Plaintiff is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto. [Am. Compl. ¶ 9]  The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 1-996-957 [Am. Compl. ¶ 10]

**Defendant's Infringing Activity**

On or about April 10, 2015, Mythical Entertainment ran the Photographs on the Website. See: https://www.youtube.com/watch?v=NxoU2HrXzpU. [Am. Compl. ¶ 11, Ex. C] The article featured the Photographs. [*Id.*]  Defendant did not license the Photographs from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website. [Compl. ¶ 12]

**Plaintiff's Actual Discovery of Defendant's Infringing Conduct**

Plaintiff first learned of Defendant's use of the Photographs on Defendant's Website on October 1, 2016 [Am. Compl. ¶ 15]   This complaint was filed on September 30, 2019.  [Dkt. #1]

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(c), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12 motion, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

## ARGUMENT

**POINT I:** **PLAINTIFF'S CLAIM IS TIMELY BECAUSE IT WAS FILED WITHIN THREE YEARS OF ACTUAL DISCOVERY OF THE INFRINGEMENT**

The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Courts in the Fourth Circuit have adopted the discovery rule, which holds that an infringement claim does not accrue until the copyright holder discovers, or with due diligence should have discovered, the infringement. *Lyons P'ship v. Morris Costumes, Inc.,* 243 F.3d 789, 796 (4th Cir.2001).[1] A defendant bears the burden of proof when raising a statute of limitations argument

---

[1] The United States Courts of Appeals for the Second, Fifth, Sixth, Eighth, and Ninth Circuits have also applied the discovery rule to claims of copyright infringement. *See Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014) ("We agree with our sister Circuits that the text and structure of the Copyright Act . . . evince Congress's intent to employ the discovery rule, not the injury rule."); *Warren Freedenfeld Assocs.,* 531 F.3d 38, 44–46 (5th Cir. 2008); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 390 (6th Cir.2007); *Gaiman v. McFarlane,* 360 F.3d 644, 653 (8th Cir.2004); *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir.1994); *see also Calhoun v. Lillenas Publ'g,* 298 F.3d 1228, 1236 (11th Cir.2002) (Birch, J., specially concurring) ("The limitations period may be triggered when a

as an affirmative defense in the face of a copyright infringement claim. *U.S. v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013).

Here, Plaintiff did not actually discover his infringement claim against Defendant until October 1, 2016 [Am. Compl. ¶ 15]  This case was filed on September 30, 2019, within three years of Plaintiff's actual discovery of Defendant's infringing conduct.  [Dkt. #1]  Thus, absent any evidence to the contrary, the statute of limitations defense fails with respect to any theory of actual discovery.

**POINT II:**     **QUESTIONS OF CONSTRUCTIVE KNOWLEDGE SHOULD BE RESOLVED BY THE FACT-FINDER**

Defendant avers that the Court should impose constructive knowledge upon Plaintiff as a matter of law without any factual evidence on record.  However, federal courts have held that summary adjudication is inappropriate where the parties dispute the date upon which a plaintiff's claims accrue under the discovery rule.  *See, e.g., Ajaxo, Inc. v. Bank of America Technology and Operations, Inc.,* 625 F.Supp.2d 976, 982 (E.D.Cal.2008) (denying summary judgment where "[g]enuine issues of disputed material facts exist as to when each Plaintiff learned or could have learned about the existence of its copyright infringement claims."); *Beidleman v. Random House, Inc.,* 621 F. Supp. 2d 1130 (D. Colo. 2008) (genuine issues of fact existed as to when a reasonably prudent person would have discovered alleged infringement, precluding summary judgment for publisher).  As such, because the parties dispute when a reasonable person in Plaintiff's position should have discovered Defendant's infringement, and because the parties

---

plaintiff knows or, in the exercise of reasonable diligence, should have known of the infringement.").

have not had the opportunity to conduct factual discovery, the Court's resolution of this issue on Rule 12 would be premature.

Defendant's reliance on *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019) is misplaced. In *Minden*, the plaintiff began filing copyright infringement lawsuits in July 2010. Minden sued Buzzfeed in 2018 based on infringements that took place between 2011 and 2014. The Court determined that because Minden was actively litigating cases in federal court during the 2011-2014 period while Buzzfeed's alleged infringements took place, it should have known about such infringements. Critically, Minden began suing for copyright infringement <u>before</u> Buzzfeed's alleged infringements occurred.

Here, in contrast, Defendant's infringement took place in April 2015 but Plaintiff did not begin filing infringement suits until more than a year later in June 2016. He found Defendant's infringement on October 1, 2016, several months after he started to look for infringements on-line. Accordingly, Plaintiff had no duty to file suit until three years after he actually discovered the infringement. Defendant has not cited to any caselaw authority where a court dismissed a copyright claim on Rule 12 by imposing constructive knowledge on a plaintiff as a matter of law where plaintiff did not start filing suits until *after* the defendant's infringement took place.

## <u>POINT III</u>: A PHOTOGRAPHER DOES NOT HAVE A GENERAL DUTY TO POLICE THE INTERNET

As a matter of law, courts have recognized that a photographer does not have a general duty to police the internet for copyright infringements. *See, e.g., Masi*, 2019 WL 3287819, at *5 ("[plaintiff] did not have knowledge of any infringement of his work and there was no reason for him to think, or duty for him to scour the internet to find out if, anyone was using his photographs without his consent."); *Wu v. John Wiley & Sons, Inc.*, No. 14 CIV. 6746 AKH AJP, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) ("knowledge about publishers generally is

not sufficient to constitute constructive discovery of infringement"); *see also Frerck v. John Wiley & Sons, Inc.,* No. 11–cv–2727, 2014 WL 3512991 at \*6 (N.D.Ill. July 14, 2014) ("Defendant claims that Plaintiff should have seen articles generally describing textbook publishers' copyright infringements of photographers' images and that such articles constitute 'storm warnings' triggering a duty to investigate Defendant's use of his work . . . . [A]n article identifying an issue in the publishing industry generally did not obligate Plaintiff to go through 19 years of licenses to preserve his copyright infringement claims. If that were the expectation, then stock photo agencies and photographers likely would spend more money monitoring their licenses than they receive from issuing licenses."); *Design Basics, LLC v. Chelsea Lumber Co.,* 977 F.Supp.2d 714, 725 (E.D.Mich.2013) ("The Court . . . rejects Defendants' argument that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on inquiry notice of the claimed infringement more than three years prior to filing suit."); *Mackie v. Hipple*, No. C09-0164RSL, 2010 WL 3211952, at \*2 (W.D. Wash. Aug. 9, 2010) ("[Defendant] presents no case law indicating that [Plaintiff] had an affirmative duty to police the internet and stock photography agencies to find infringing copies of his work . . . . a sculptor would have no similar duty to scan the internet for all possible photographic infringers simply because her work has been infringed in the past").

Here, Defendant's argument that photographers such as Plaintiff must expend substantial time and resources to comb the World Wide Web's millions of websites for unauthorized use is meritless. Photographers spend their time taking photographs, editing their photos, marketing their work and collecting licensing fees. The above-cited authorities make clear that no general duty exists for copyright holders to police the internet as an ordinary business practice.

**POINT IV:**  **THERE IS NO EVIDENCE OF "STORM WARNINGS" CONCERNING THE PHOTOGRAPHS WHICH WOULD HAVE TRIGGERED PLAINTIFF'S DUTY TO INQUIRE**

Constructive knowledge may only be imposed where "storming warnings give rise to the duty to investigate." *Greenberg v. Hiner*, 359 F. Supp.2d 675, 682 (N.D. Ohio 2005). The test for storm warnings is "objective," based on what a reasonable person in the plaintiff's position would have perceived. *Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.,* No. CIV.A. 12-2061, 2012 WL 5944761, at *3 (E.D. Pa. Nov. 28, 2012) (*citing Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital,* 435 F.3d 396, 400 (3d Cir.2006)).

Here, the fact that Plaintiff retained copyright counsel to search for infringements does not mean there existed "storm warnings" of infringing uses with respect to the Photographs at issue in this case, namely the photographs of Halden prison. Indeed, Defendant has failed to identify any triggering event or "storm warning" that would have caused Plaintiff to investigate the Photographs specifically.

A jury could find that no reasonable person in Plaintiff's position, even with the aid of copyright counsel, could have discovered Defendant's infringement any earlier than he actually did in October 2016. Even if storm warnings existed, there is no guarantee that Defendant's infringement could have been found any earlier. The techniques and methodologies used to effectively locate infringements on-line, such as Google's reverse image search, present questions of material fact, or matters of expert testimony, that should not be resolved on Rule 12.

**POINT V:**  **THE THREE-YEAR LOOK BACK PERIOD ONLY APPLIES IN CASES WHERE SOME INFRINGEMENTS OCCURRED DURING THE THREE-YEAR LIMITATIONS PERIOD**

Defendant invoked *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 572 U.S. 663, 677, for the proposition that "a successful plaintiff can gain retrospective relief only three years back from

7

the time of suit. No recovery may be had for infringement in earlier years." However, this rule is

not applicable to this case. If the Court measures the accrual date from the time when Plaintiff

actually discovered the infringement, then his claim is timely and damages can be recovered.


**POINT VI:   PLAINTIFF HAS SUFFICIENTLY PLED WILLFULNESS**

To prove "willfulness" under the Copyright Act, "the plaintiff must show: (1) that the

defendant was actually aware of the infringing activity, or (2) that the defendant's actions were

the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)

(citations omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001)

("Willfulness in this context means that the defendant recklessly disregarded the possibility that

its conduct represented infringement.").

"[A] defendant's actual or constructive knowledge proves willfulness." *Fitzgerald Pub.*

*Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). Thus, if evidence of actual

knowledge is not available, "a plaintiff can still prove willfulness by proffering circumstantial

evidence that gives rise to an inference of willful conduct." *Island Software*, 413 F.3d at 264

(citing *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1010 (2d Cir.1995) (noting that

"[k]nowledge of infringement may be constructive rather than actual; that is, 'it need not be

proven directly but may be inferred from the defendant's conduct" ') (*quoting N.A.S. Import*

*Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2d Cir.1992)).

The evidentiary standard to establish willfulness against a corporate media outlet is not a

high bar considering that media companies are charged with knowledge of U.S. copyright law.

*See, e,g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a

newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper,

defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants."); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law.").

Courts have also found willfulness where a defendant-media company knowingly saved a photo and then uploaded it to a website which defendant "completely controlled and actively monitored." *FameFlynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL 2740233 (2d Cir. Mar. 20, 2018).

Here, there is no dispute that Defendant owns, operates and exercises control over the Website in question and that it supervises the content posted to the Website. Moreover, Defendant is the publishing industry and is therefore charged with knowledge of copyright law and licensing requirements. Plaintiff is entitled to discovery with respect to Defendant's state-of-mind respecting the use of the specific Photographs at issue.

**POINT VII:   PLAINTIFF'S PHOTOGRAPHS WERE REGISTERED AS PART OF A GROUP REGISTRATION AND THEREFORE QUALIFY AS "SEPARATE WORKS" FOR PURPOSES OF AWARDING STATUTORY DAMAGES**

The Copyright Act gives the Register of Copyrights (the ''Register'') the discretion to allow groups of related works to be registered with one application and one filing fee.

*See* 17 U.S.C. §408(c)(1). Congress cited ''a group of photographs by one photographer'' as an example of a ''group of related works'' that would be suitable for a group registration. H.R. Rep. No. 94–1476, at 154 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5770; S. Rep. No. 94– 473, at 136 (1975). The Register has exercised that authority "by promulgating rules allowing for group registration for 'published photographs.'" *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016) (citation omitted).

As courts have previously noted, "[g]roup registration carries important advantages for copyright holders, since it requires only one fee to register multiple works, all of which are entitled to the § 410(c) presumption of validity <u>and all of which may be</u> <u>sued upon</u> <u>individually</u>." *Palmer/Kane LLC* at 571 (*citing* 5 William F. Patry, PATRY ON COPYRIGHT § 17:92) (underline added).

Provided that the regulatory requirements for group registration are met, the copyright claimant qualifies for separate statutory damages awards for each photograph. *See, e.g., Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1117 (1st Cir. 1993) ("Under regulations promulgated by the Copyright Office, the copyrights in multiple works may be registered on a single form, and thus considered one work *for the purposes of registration, see* 37 C.F.R. § 202.3(b)(3)(A), while still qualifying as separate "works" for purposes of awarding statutory damages"); GROUP REGISTRATION OF PHOTOGRAPHS, 83 F.R. 2542-01, 2018 WL 451975, at *2545 (January 18, 2018) ("the Office will examine each photograph in the group, and if the claim is approved, the registration covers each photograph and each photograph is registered as a separate work. <u>Thus, if the photographs are subsequently infringed, the copyright owner should</u> <u>be entitled to seek a separate award of statutory damages for each individual photograph</u>. *See* 17

U.S.C. 504(c)(1) (authorizing a separate award of statutory damages "with respect to any one work") (underline added).

At the time Plaintiff's Photographs were registered, copyright applicants had to satisfy the following three requirements to qualify for a group registration of published photographs: "(a) all the photographs are by the same photographer ...; (b) all the photographs are published in the same calendar year; and (c) all the photographs have the same copyright claimant." U.S. Copyright Office, Group Registration of Published Photographs , FL-124 (2012)

Here, the applicable Registration satisfies all three requirements for group registration of published photographs under the applicable Copyright Office regulations. <u>First</u>, the Registration provides that all photographs at issue in this lawsuit are authored by Plaintiff.  <u>Second</u>, all Photographs listed on the face of the  Registration were published within the same calendar year. <u>Third</u>, the  Registration provides that Plaintiff is the copyright claimant to all the Photographs. [*Id.*].

Having satisfied all of the requirements of Group Registration, there is no basis for Defendant to argue that the  Registration constitutes a "compilation" or "collective work."  See *Sands v. CBS Interactive Inc.,* No. 18-CV-7345 (JSR), 2019 WL 1447014, at *1 (S.D.N.Y. Mar. 13, 2019) ("There is no genuine dispute that Sands's photographs were registered as part of a group registration. That is the end of the issue. He is entitled to seek a separate award of statutory damages on each photograph.")


**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) should be DENIED in its entirety.

Respectfully submitted,

LIEBOWITZ LAW FIRM, PLLC

**s/richardpliebowitz/___**
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowtizlawfirm.com

*Counsel for Plaintiff*