**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**Civil Action No.: 5:19-cv-438-FL**

|  |  |
|---|---|
| **ALESSANDRO MASI,** | ) |
|  | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **MYTHICAL ENTERTAINMENT,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |
| _____ | ) |

## DEFENDANT MYTHICAL ENTERTAINMENT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pursuant to Local Civil Rule 7.1(g) and Federal Rule of Civil Procedure 12(b)(6), defendant Mythical Entertainment ("Mythical") respectfully submits this Reply memorandum of law in support of its motion to dismiss plaintiff Alessandro Masi's ("Plaintiff") First Amended Complaint (the "FAC") [D.E. 17].

### PRELIMINARY STATEMENT

The Copyright Act's statute of limitations bars civil actions brought more than three years after a claim accrues. 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued"). "Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). Furthermore, "a party cannot reach back, based on acts of infringement that accrued

within the limitations period, and recover for claims that accrued outside the limitations period."
*Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997)
(citing *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)).

Plaintiff's claims in this case are fatally time-barred because, even accepting his allegations as true under Rule 12(b)(6) for purposes of this motion, Mythical allegedly used one or more photographs authored and owned by Plaintiff in April 2015 but he did not bring suit until four and a half years later, in September 2019.  FAC, Exh. C.  Once it is shown (as here) that a claim is on its face time-barred by Section 507(b), it then becomes the plaintiff's burden, if he is to avoid that bar, to demonstrate that the statute should nonetheless be tolled.[1]  *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128, 1135 (D. Nev. 1980).

A frequently-invoked reason for tolling the three-year limitations period is the "discovery rule, which starts the limitations period when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."  *Petrella*, 572 U.S. at 670, n.4 (2014) (citation and quotations omitted); *see also William A. Graham Co. v. Haughey*, 646 F.3d 138, 148, 150 (3d Cir. 2011) ("the discovery rule [is] one of those legal precepts that operate to toll the running of the limitations period after a cause of action has accrued").

Plaintiff asserts that the discovery rule rescues his otherwise fatally tardy action because he did not actually discover his infringement claim against Mythical until within three years prior to filing suit, and there is no evidence that he could have discovered the infringement any sooner. Plaintiff's position should be rejected for at least two independent reasons: (1) Plaintiff's claimed discovery date of October 1, 2016 is not factually plausible; and, even if it were true, (2) Plaintiff should with due diligence have discovered his claims earlier.

---

[1] Plaintiff incorrectly suggests that a defendant bears this burden, citing only inapplicable case law governing equity-skimming suits.  *See U.S. v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013).

**ARGUMENT**

**A.      Plaintiff's Claims Are Time-Barred**

        **1.      Plaintiff's Claimed Date of Discovery Is Simply Not Plausible**

Under modern federal pleading standards, a complaint must contain factual allegations in addition to legal conclusions; naked assertions devoid of further factual enhancement do not suffice. *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278, 288 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this regard, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Offering no further elucidation, Plaintiff simply summarily contends that he somehow "did not actually discover the Defendant's infringement until October 1, 2016," which falls two years and 364 days prior to the inception of this suit.  FAC ¶ 13.  The Court ought to reject Plaintiff's transparently artificial attempt to merely plead around the fatal deficiency in his original complaint, which was conspicuously silent concerning his discovery of Mythical's alleged use of the Photographs.

- Plaintiff — "an award-winning professional photographer in the business of licensing his photographs for a fee" — "photographed the luxury Halden prison in Norway" in 2010. FAC ¶¶ 5, 7.

- Interest in Plaintiff's photographs spiked in 2011 after a mass murderer was ordered to be held at the luxury prison following a pair of attacks in and near Oslo, Norway.  *See Masi*

*v. Moguldom Media Grp. LLC*, No. 18-cv-2402 (PAC), 2019 WL 3287819 at *1 (S.D.N.Y. July 22, 2019).

- Mythical thereafter allegedly used one or more of the photos in an episode of its daily online video news program, *Good Mythical Morning*, on April 10, 2015. *Id.*, Exh. C.

- Mythical proceeded to publicly exhibit this episode of its series on YouTube, the most popular video hosting website in the world, continuously for the subsequent half-decade. *See* The Most Luxurious Prison in The World, available at http://www.youtube.com/watch?v=NxoU2HrXzpU.

- Plaintiff "claim[s] that September 26, 2016 was when he notified his attorney of infringement" of his Halden Prison photos. *Masi v. Moguldom Media Grp. LLC*, 2019 WL 3287819 at *6.[2]

- By October 2016, the episode had already been viewed more than 4 million times. Motion to Dismiss [D.E. 19], Exh. 2.

- By October 2016, Plaintiff had already begun filing his torrent of nearly 20 copyright infringement cases, including a dozen lawsuits concerning the Halden Prison images. *Id.*, Exh. 3; *see, e.g.*, Masi v. Yahoo! Inc., No. 16-cv-04906 (S.D.N.Y., filed June 23, 2016).

Given this well-documented chronology of events, it defies common sense plausibility to believe that Plaintiff just so happened to conveniently discover Mythical's open and notorious exhibition of The Most Luxurious Prison in The World episode exactly two years and 364 days

---

[2] During Plaintiff's deposition last year in that case, asked when he became aware that there were infringements of his Halden Prison photos, Plaintiff testified under oath: "Well, after I realized that there can be this kind of, I don't know what you call it, infringements, then I started looking through many of my bodies of work. And that's when I found quite a few and then I sent an email to you (indicating), to Richard [Liebowitz]. Now, the date on that, was it sometime in the middle of 2016." Declaration of Richard P. Liebowitz, Sep. 28, 2018, Exh. A [Transcript of Deposition of Alessandro Masi] at 79:4–15.

before his attorney initiated this action.  *See Philips v. Pitt County Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) ("the court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments") (internal citations and quotations omitted).

### 2. Plaintiff Should Have Discovered Mythical's Alleged Activity Earlier

Even if Plaintiff's self-serving and conclusory allegation of actual subjective discovery on October 1, 2016 were to be believed, however, his claims would still nonetheless remain time-barred because he "with due diligence *should* have discovered" the basis therefor earlier. *Petrella*, 572 U.S. at 670, n.4 (emphasis added); *see also Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001) ("a claim accrues when one has knowledge of a violation or is chargeable with such knowledge") (quoting *Hotaling*, 118 F.3d at 202).

Objectively applying the discovery rule requires an assessment of when the plaintiff "should have" learned of the alleged infringement of his copyrighted work, and that determination necessarily implicates the inquiry notice doctrine.[3]  *See Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008).  Under this doctrine, the operative question is "when a reasonably prudent person in the plaintiff's shoes would have discovered (that is, would have acquired an awareness of) the putative infringement."  *Id.* (citing, *inter alia*, *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)). "It is not a barrier to accrual that a plaintiff has failed to discover a cause of action if a reasonably diligent person, similarly situated,

---

[3] Plaintiff repeatedly accuses Mythical of urging the Court to impose constructive knowledge on him as a matter of law but fails to recognize that the word "constructive" actually appears nowhere in Mythical's motion and, furthermore, ignores the important differences among inquiry notice (which the defendant does invoke), constructive notice and constructive knowledge.  *See* Black's Law Dictionary 484–85 (2d Pocket Ed. 2001); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 325 (4th Cir. 2006) ("Although often used loosely, the terms . . . are not synonymous").

would have made such a discovery. In other words, a plaintiff can be charged with inquiry notice, sufficient to start the limitations clock, once it possesses information fairly suggesting some reason to investigate whether it may have suffered an injury at the hands of a putative infringer." *Warren Freedenfeld Assocs.*, 531 F.3d at 44 (citations omitted); *see Jensen v. Snellings*, 841 F.2d 600, 607 (5th Cir. 1988) ("facts which would cause a reasonable person to inquire further" impose a duty of inquiry on a plaintiff to "proceed with a reasonable and diligent investigation," and a plaintiff is "charged with the knowledge of all facts such an investigation would have disclosed").

In the face of open and notorious use by third parties of a plaintiff's work, he has a duty to investigate the potential for a claim of infringement. *See*, *e.g.*, *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004) ("the plaintiff has a duty of diligence: it is not enough that he did not discover he had a cause of action, if a reasonable man could have") (quoting *Taylor v. Meirick*, 712 F.2d 1112, 1117–18 (7th Cir. 1983); *Kepner-Tregore, Inc. v. Exec. Dev., Inc.*, 79 F. Supp. 2d 474, 488 (D.N.J. 1999) ("'[a] reasonable [copyright owner], motivated by his interest in recovering for and preventing infringement, keeps abreast of the activities of those in his field of endeavor'") (quoting *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1339 (Fed. Cir. 1998); *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783,790 (C.D. Cal. 2011) (plaintiff who becomes aware of one infringement is then on notice as to potential existence of related infringements); *Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 465 (S.D.N.Y. 1999) (plaintiff's awareness of prior infringements means that he should have been aware of other similar, related, infringements); *Luar Music Corp. v. Universal Music Group, Inc.*, 847 F. Supp. 2d 299, 309 (D.P.R. 2012) (awareness of one infringement would cause a reasonably prudent copyright holder to investigate the potential for other infringements).

"The familiar aphorism teaches that where there is smoke there is fire; but smoke, or something tantamount to it, is necessary to put a person on inquiry notice that a fire has started." *Warren Freedenfeld Assocs.*, 531 F.3d at 45 (citation omitted); *see also Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1148–49 (N.D. Cal. 2007) (professed unawareness of open and notorious publication of an allegedly infringing work is unreasonable as a matters of law: "assuming that he truly lacked actual knowledge until within the three-year limitations period, that lack of knowledge is entirely unreasonable"); *cf. Albers v. Eli Lily & Co.*, 257 F. Supp. 2d 1147, 1150 (N.D. Ill. 2003) (expressing consternation at plaintiff's assertion that she lacked knowledge of her potential claims "even though it is almost necessary for a person to have been marooned on a desert island (or to belong to some variant of the genus Struthio, sharing the ostrich's proverbial head-in-the-sand proclivities) to have been truly unaware of such an open and notorious fact as the many claims of wrongdoing that have been (and continue to be) publicly associated" with defendant).

In addition, "it is not necessary for a plaintiff to understand every permutation of his or her injury, rather the plaintiff simply needs to have a 'hint' or 'suspicion' of the injury and its cause to be put on inquiry notice." *Thompson v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 38, 48 (S.D.N.Y. 2001); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations — the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim").

In this case, given Plaintiff's sophistication and litigiousness — coupled with *Good Mythical Morning's* popularity[4] and the fact the episode at issue had been viewed on YouTube more than 4 million times — plus the widespread availability of technological tools such as Google image search, Pixsy (founded 2014) and TinEye (founded 2008), Plaintiff was on inquiry notice well before October 2016.  *See Luar Music*, 847 F. Supp. 2d at 310 (holding that inquiry notice arose to bar plaintiff's copyright claim, and quoting *Amador v. McDonald's Corp.*, 601 F. Supp. 2d 403 (D.P.R. 2009) ("As a practical matter, where a work has been publicly disseminated . . . the copyright owner will be charged deemed to have been on constructive notice of the infringement")); *cf. Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1093 (C.D. Cal. 2016) (plaintiff's claims were time-barred because she had sufficient awareness of the risk of infringement that she was duty-bound to investigate further); *see also Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, 2012 WL 1830129, at *2 (W.D. Mich. April 23, 2012) ("if the infringement is open and notorious, the copyright holder should be expected to discover it within a three year period"), adopted by 2012 WL 1830103 (W.D. Mich. May 18, 2012).

Plaintiff responds, "Defendant's argument that photographers such as Plaintiff must expend substantial time and resources to comb the World Wide Web's millions of websites for unauthorized use is meritless" and "no general duty exists for copyright holders to police the internet as an ordinary business practice."  [D.E. at 6].  But Mythical has advanced absolutely no such blanket pronouncement, which is instead merely a straw man of Plaintiff's invention.

Rather, at the extensive authorities presented by Mythical demonstrate, "determining when a reasonable person would have become aware of a copyright infringement is a fact-

---

[4] The show is currently in its 16th season, has accumulated more than 5 billion views, and has more than 15 million subscribers on YouTube, 2.5 million followers on Instagram, and over 2.6 million followers on Facebook.

sensitive enterprise. Common sense suggests, therefore, that an inquiring court must explore the idiosyncratic circumstances of each individual case" and that is exactly what Mythical urges. *Warren Freedenfeld Assocs.*, 531 F.3d at 44. Based on the idiosyncratic circumstances presented here, it is clear that Plaintiff's claims are time-barred.

### B. Plaintiff Is Foreclosed as a Matter of Law from Pursuing Statutory Damages

Under the Copyright Act, "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). Such is undeniably the case here.

According to Plaintiff's copyright registration, he authored the allegedly infringed photographs in 2010 and they were first published in October of that same year. Motion to Dismiss [D.E. 19], Exh. 1. Mythical's alleged infringement thereof commenced in April 2015. *Id.*, Exh. 2. But the effective date of Plaintiff's registration is not until December 2015, more than five years after the first publication of the work. *Id.*, Exh. 1.

Under no circumstances could Plaintiff thus recover an award of statutory damages and/or attorneys' fees for copyright infringement against Mythical, thereby leaving as his only potential monetary remedy "actual damages and any additional profits of the infringer." 17 U.S.C. § 504; *see*, *e.g.*, *Business Trends Analysts v. Freedonia Group, Inc.*, 887 F.2d 399 (2d Cir. 1989). Consequently, it does not in fact matter whether Plaintiff registered the photographs as a collective work and Mythical's *mens rea* is entirely irrelevant because punitive damages are

never available under the Copyright Act.[5] *Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001).

### C.  Plaintiff's Opposition Was Not Signed or Filed by Local Counsel

Eastern District of North Carolina Local Rule 83.1(d) mandates that all civil litigants "must be represented by at least one member of the bar of this court who shall sign all documents filed in this court, including his or her state bar number and fax number in the signature block on all pleadings."  Plaintiff's opposition brief [D.E. 21] is signed only by his out-of-state attorney, Richard Liebowitz, who is not a member of the bar of this Court and who is currently the subject of a pending Order to Show Cause [D.E. 15] and Motion to Disqualify based on his inaccurate statements to the Court in response thereto [D.E. 22].

On December 18, 2019, the Court further issued a Notice of Deficiency directing counsel to refile Plaintiff's opposition with local counsel's electronic signature as required by Local Rule 83.1(d).  Because Plaintiff's counsel ignored the Court's order and failed to timely do so, his opposition should be disregarded and treated as the nullity that it effectively is.

### CONCLUSION

For all of the foregoing reasons, Mythical respectfully requests that this Court dismiss Plaintiff's claims without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] As Mythical also argues in its moving papers [D.E. 20 at 9–10], Plaintiff's claims additionally fail because it is not alleged to have engage in any volitional acts of infringement within the three-year limitations period.  *See* 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.05 [B][2][c]; *Chelko v. Does*, No. 3:18-CV-00536-GCM, 2019 WL 3294201, at *2 (W.D.N.C. July 22, 2019).

Dated: December 31, 2019                    Respectfully submitted,

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
(919) 828-0564
Fax: (919) 834-4564
Email: christhomas@parkerpoe.com
*Local 83.1 Counsel for Defendant*

Henry L. Self III, Esq.
HARDER LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
(424) 203-1600

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DEFENDANT MYTHICAL ENTERTAINMENT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** was electronically filed on this day with the Clerk of Court using the CM/ECF system which will automatically send notice of the same addressed to the following:

Albert P. Allan
Allan Law Firm PLLC
409 East Boulevard
Charlotte, NC 28203
alallan@allaniplitigation.com

Richard P. Liebowitz
Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@Liebowitzlawfirm.com
*Counsel for Plaintiff*

This 31st day of December, 2019.

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
*Local Rule 83.1 Counsel for Defendant*