IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-438-FL

| | | |
|---|---|---|
| ALESSANDRO MASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MYTHICAL ENTERTAINMENT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's failure to respond to the court's February 5, 2020, order directing plaintiff to cure all deficiencies noticed by the clerk or to show cause why such deficiencies could not be cured on or before February 12, 2020. The order further noted that failure to comply will result in dismissal of this action. For the following reasons, the court dismisses this action without prejudice.

**BACKGROUND**

Plaintiff initiated this action September 30, 2019, appearing through Richard P. Liebowitz, Esq., ("attorney Liebowitz"). Thereafter, the clerk noticed a litany of deficiencies, including attorney Liebowitz's: 1) failure to properly identify exhibits pursuant to Section V.E. of the CM/ECF Policies and Procedures Manual (the "CM/ECF Manual"), 2) failure to file a financial disclosure statement in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.3, 3) failure to flatten documents pursuant to Section IV.B of the CM/ECF Manual, 4) failure to pay a civil filing fee pursuant to Section V.D(1)(a) of the CM/ECF manual, 5) and failure to

comply with Local Civil Rule 83.1(d).[1] Because these deficiencies mirrored numerous deficiencies in other cases before this court involving attorney Liebowitz, (see Order (DE 3) at 2-4), the court ordered attorney Liebowitz to cure deficiencies in all of his cases by October 10, 2019.

Thereafter, defendant moved to disqualify attorney Liebowitz from representing plaintiff, on grounds that attorney Liebowitz made special appearances in more than three active, unrelated cases during a 12-month period, in contravention of Local Civil Rule 83.1(e)(5). On January 14, 2020, the court granted defendant's motion to disqualify and ordered plaintiff to enter a notice of appearance of substitute counsel within seven days of the date of the order. Plaintiff failed to comply with the court's order.

On January 27, 2020, the court entered text order again directing plaintiff to enter a notice of appearance of substitute counsel within seven days of the date of the order, and to show cause why the case should not be dismissed for failure to prosecute and failure to comply with the court's order. At 11:08 p.m., on the eve of the deadline to respond, plaintiff filed a notice of appearance and responded to the court's order. These filings illustrated plaintiff's continued noncompliance with the court's local rules and the CM/ECF Manual. First, the purported notice of appearance indicated that attorney Rebecca Liebowitz would represent plaintiff; however, it was filed by Albert P. Allan, local counsel, instead of attorney Rebecca Liebowitz. As such, plaintiff violated Section VI.C.2 of the CM/ECF Manual, which provides that each attorney making an appearance in the case must be a registered CM/ECF filer and must file their own Notice of Appearance. Second, attorney Rebecca Liebowitz's signature line failed to comply with Section IV.D.1 of the CM/ECF Manual. Third, local counsel did not sign the document, which is required by Local

---

[1] Plaintiff also erroneously filed the case in the Northern Division. It was redesignated as a Western Division case for the continued efficient administration of justice. (See Order (DE 2) at 1).

Civil Rule 83.1(d). Finally, plaintiff's response to the show cause order did not indicate the division, as required by Local Civil Rule 10.1(b), 40.1(b), and (c), and did not include the proper judge's designation.

On February 4, 2020, the court ordered that unless plaintiff cured the multiple deficiencies noticed by the clerk on or before February 12, 2020, or provided good cause as to why those deficiencies could not be cured, the case would be dismissed. Plaintiff did not attempt to cure any of the deficiencies or respond to the court's order, and the deadline to do so has expired. Therefore, the court dismisses plaintiff's complaint for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

Based on the foregoing, the court ORDERS the following:

1) This action is DISMISSED WITHOUT PREJUDICE for failure to comply with a court order. Defendant's motion to dismiss for failure to state a claim (DE 19) is DENIED as MOOT.

2) Where the court's January 14, 2020, order disqualified attorney Liebowitz from representing plaintiff, plaintiff's motion for an extension of time for attorney Liebowitz to comply with Local Rule 83.1(d) (DE 4) is DENIED as MOOT.

3) As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is

interposed, the original pleading no longer performs any function in the case"). Where plaintiff amended his complaint after defendant filed motion to dismiss (DE 13), defendant's motion to dismiss (DE 13) is DENIED as MOOT.

4) The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge